Judge Owsley
delivered the Opinion of ttie Court.
This is an appeal from a decree of the circuit court, dismissing a bill exhibited by Mo.seiey, and dissolving his injunction, with damages and cost.
The injunction went to restrain Armstrong from coercing the payment of judgments, which, as the assignee of Gore, he recovered upon notes given to Gore by Moseley; and the object of the bill is to be relieved against the judgments, upon the grounds—
1st: That the notes were given without any good or valuable consideration; and—
2nd That the consideration, if any, was an usurious contract for the loan of money, by Armstrong to Gore,
Armstrong and Gore were both made defendants to the bill, and answered separately.
The answer of Gore admits the usury charged in the bill, but in his answer, Armstrong, denies that any such usurious contract was made, insists that the notes were given for a valuable considera *288 tion, and'in every material point, puts Moseley upon the proof of the facts charged in his bill.
Question as . to O-ore’s deposition:
Coro’s relation to the contest, and . evidence.
interest of tb'o Witness being ¡found to preponderate io favor of the party offering him, be is Vnuompeteut.
The deposition of Gore was taken by Moseley, and it is the only testimony.in the cause, conducing to prove any thing material to the right of Moseley to relief; but upon being excepted to by Armstrong, the' deposition was . excluded by the court. The first question, therefore, to Which the attention of the court will be directed, involves the inquiry, whether or not the court was correct in rejecting the deposition.
In his deposition, we. are told by Gore, that no consideration was actually paid by him to Moseley for the notes, but that the notes were executed by Moseley, to enable him, by assigning them to Armstrong, to obtain from Armstrong a loan of money, and that the notes were afterwards applied to that purpose, and assigned to Armstrong to secure the payment of tiie money, which Armstrong advanced under an usurious contract, to receive more than six per centum per annum interest.
In the establishment of ‘hese facts, the court bolow wer e of opinion, that Gore is inieresied, and as such, is an incompetent witness for Moseley iu the present contest. The- iistarcst of Gore was not denied in'argument, and it was admitted that, in the general, the deposition of an interested person, is incompetent evidence; but it. was contended, that Gore has also an interest favorable to the success of Armstrong, and being interested for both parties, it was insisted that he is a competent witness, and that his deposition ought'not to have been excluded. Me cannot, however, admit, that the interest which Gore has for Armstrong, is equal to that, which he has for Moseley. According to the statements contained in the deposition, the notes were executed by Moseley for the accommodation of Gore, and of course, Gore must be responsible to Moseley for whatever sum Armstrong succeeds in ultimately recovering; so that on the part of Moseley. Gore must have an interest equal to whatever Moseley has to pay. As for example, if. in consequence of the contract between Gove and Armstrong being proved to bo usurious, a decree should bo pronouno. *289 ed, exhonerating Moseley from tlie payment of any thing huí: the principal sum loaned by Armstrong, it is evident that Gore would have only ta refund the principal to Moseley, whereas if Moseley fails to obtain any relief against tl¡é notes, Gore will be liable to him lor their full amount, with interest and cost. But the case is otherwise as to Gore’s liability to Armstrong. The assignment of the notes to Armstrong, prima Jade, imposes upon Gore a liability to Armstrong, equal to whatever Armstrong may fail in recovering of the notes from Moseley; but if it be true, aá stated in the deposition of Gore, that the assignment was made under an usurious contract for the loan of money in 1815, it is perfectly.clear, that there can be no recovery of him by Armstrong, though in consequence of the usury, Moseley were released by a decree in this case, from the payment of any thing but the sum- actually loaned by Armstrong. It follows, therefore, that the interest of Gore preponderates decidedly in favor of Moseley, and that, the court consequently decided correctly, in excluding his deposition.
Assignee of an obligation borrowed by assignor and assigned to secure an usurious loan, as known and understood by ail, could not, under the former statute, recover of as»signor.
Answer o one defendant is not evidence agninst auothi er, though the latter claim, under tlie former, except where it is adopted and so admitted to be true,
One loaning his nota to raise money upon, by an usurious bor■rowing, cannot have a decree a'rgainst th'e borrower.
*289 The deposition of Gore out of the cause, there is no evidence upon which a decree can be pronounced in favor of Moseley, unless, as was also contended in argument, the answer of Gore is to befiikcn as evidence against Armstrong. But if, owing to his interest, Gore is an incompetent witness for Moseley, it would be difiicult to assign a satisfactory reason for making his answer evidence against Armstrong.
There is, however, no necessity for this suggestion. Gore is a co-defendant with Armstrong, am! it has long since been decided by this court, -and the principle repeatedly acted upon in subsequent cases, that the answer of one defendant is no evidence against another defendant, although that other claims through or under the defendant whose answer is attempted to be used as evidence, unless by adoption or otherwise it be made so, which is not the case in the present contest.
But it was again contended, that if the court below were correct in not giving relief against Arm *290 strong, yet as flore is a party, there ought to have been a decree over against him in favor of Moseley. We would, .however, here barely remark, that whatever legal liability Gore may have come under by his contract with Moseley, until the money is paid by Moseley, he can have no right to a decree, in equity against Gore, if after paying the money it would be important for a court of equity to give relief.
Triplett Cor plaintiff; Jas. Trimble for defendant.
The decree must he affirmed, with cost, and damages hpon the damages decreed in the court below.